

January 20, 2015

Mr. Michael Williams                          Opinion No. KP-0001
Commissioner of Education
Texas Education Agency                        Re: Whether an independent school district
1701 North Congress Avenue                    may use the certified estimate of property tax
Austin, Texas 78701-1494                      values to adopt a tax rate after adopting its
                                              budget (RQ-1211-GA)

Dear Commissioner Williams:

Your question concerns "the adoption of a school district's budget and tax rate and the scheduling of tax ratification elections ('TRE's)."[1] Each year, the board of trustees of an independent school district must adopt a budget and a tax rate for the next fiscal year. *See generally* TEX. EDUC. CODE ANN. § 44.004 (West 2012); TEX. TAX CODE ANN. § 26.05 (West Supp. 2014). If a school district adopts a tax rate that exceeds its rollback rate, the adopted rate must be approved by the district's voters through a TRE. TEX. TAX CODE ANN. § 26.08(a) (West Supp. 2014). In a traditional tax rate adoption process, a school district must use the chief appraiser's certified appraisal roll, which by law must be certified by July 25, in order to calculate the proposed tax rate. *Id.* §§ 26.01(a), .05(a). You tell us, however, that "this year the Harris County Appraisal District does not expect to provide the certified appraisal roll to school districts until the last week in August," which precludes the use of the traditional tax timetable to schedule the TRE in time for the election to occur in conjunction with the November uniform election date.[2] Request Letter at 3.

Both the Tax Code and the Education Code contemplate an alternative process in which school districts may use a certified *estimate* of property tax values, rather than the final certified appraisal roll, to calculate the proposed tax rate. *See* TEX. EDUC. CODE ANN. § 44.004(h) (West 2012); TEX. TAX CODE ANN. § 26.01(e) (West Supp. 2014). You ask specifically about subsection 44.004(j) of the Education Code, which provides in pertinent part:

---

[1]Letter from Mr. Michael Williams, Comm'r of Educ., Tex. Educ. Agency, to Hon. Greg Abbott, Tex. Att'y Gen. at 1 (July 9, 2014), http://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]A TRE must be held between 30 and 90 days after the adoption of a higher tax rate. TEX. TAX CODE ANN. § 26.08(b) (West Supp. 2014). If the November uniform election date falls within this time period, the TRE must be held on the uniform election date. *Id*; *see also* TEX. ELEC. CODE ANN. § 41.001(b)(6) (West Supp. 2014). If the uniform election date falls outside the window, a TRE is conducted on a different election date. TEX. TAX CODE ANN. § 26.08(b) (West Supp. 2014).

> Notwithstanding Subsections (g), (h), and (i), a school district may adopt a budget after the district adopts a tax rate for the tax year in which the fiscal year covered by the budget begins if the district elects to adopt a tax rate before receiving the certified appraisal roll for the district as provided by Section 26.05(g), Tax Code.

TEX. EDUC. CODE ANN. § 44.004(j) (West 2012). Also directly relevant to your question is subsection 26.05(g) of the Tax Code, which provides:

> Notwithstanding Subsection (a), the governing body of a school district that elects to adopt a tax rate before the adoption of a budget for the fiscal year that begins in the current tax year may adopt a tax rate for the current tax year before receipt of the certified appraisal roll for the school district if the chief appraiser of the appraisal district . . . has certified to the assessor for the school district an estimate of the taxable value of property in the school district as provided by Section 26.01(e). If a school district adopts a tax rate under this subsection, the effective tax rate and the rollback tax rate of the district shall be calculated based on the certified estimate of taxable value.

TEX. TAX CODE ANN. § 26.05(g) (West Supp. 2014). You ask whether a school district is authorized to use the certified estimate to "adopt a tax rate *after* adopting its budget in order to schedule a tax ratification election for the November uniform election date." Request Letter at 3.

Generally, a school district's "budget must be adopted *before* the adoption of the tax rate for the tax year in which the fiscal year covered by the budget begins" and the school district must use the certified appraisal roll in adopting the tax rate. TEX. EDUC. CODE ANN. § 44.004(g) (West 2012) (emphasis added); *see also* TEX. TAX CODE ANN. § 26.05(a) (West Supp. 2014) (generally requiring school districts to use the certified appraisal roll in adopting the tax rate and in calculating the rollback rate). Subsection 26.05(g) operates as an exception to the general rules requiring use of the certified appraisal roll and adoption of a budget before adoption of a tax rate. It authorizes a district that "elects to adopt a tax rate before the adoption of a budget" to use a certified estimate rather than the final, certified appraisal roll. TEX. TAX CODE ANN. § 26.05(g) (West Supp. 2014). Districts that do not "elect[] to adopt a tax rate before the adoption of a budget" are not authorized by subsection 26.05(g) to use a certified estimate. *Id.*

You suggest that subsection 44.004(j) of the Education Code provides an independent source of authority under which a school district adopting a tax rate after adoption of a budget could use the certified estimate rather than the certified appraisal roll. Request Letter at 3–4. The plain language of that provision, however, merely authorizes districts operating "as provided by Section 26.05(g), Tax Code," to "adopt a budget after the district adopts a tax rate." TEX. EDUC. CODE ANN. § 44.004(j) (West 2012). In other words, a district must be employing subsection

26.05(g) of the Tax Code in order to make use of subsection 44.004(j)'s grant of authority to adopt a budget after adopting a tax rate. Subsection 44.004(j) does not authorize a district not already operating under subsection 26.05(g) of the Tax Code to use the certified estimate, regardless of the sequence in which the district adopts its budget and tax rate. You point to no other potential source of authority under which a school district could adopt a tax rate using a certified estimate rather than the certified appraisal roll. You suggest that the districts about which you ask have not elected to adopt a tax rate before adoption of a budget. Request Letter at 3. A district that has not elected to operate under the authority of subsection 26.05(g) of the Tax Code would lack authority to depart from the general rule requiring use of the certified appraisal roll to adopt a tax rate. *See* TEX. TAX CODE ANN. § 26.05(a) (West Supp. 2014).

You claim that this conclusion may result in a school district having to hold a TRE on a date other than the November general election date. *See* Request Letter at 3. You suggest that this result is contrary to the "larger statutory scheme adopted by the legislature that favors uniform election dates over special elections." *Id.* at 2. The primary goal in statutory construction, however, is to determine and give effect to legislative intent as expressed by the plain language of the statute, which is presumed to have been deliberately and purposefully selected by the Legislature. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012). We decline to depart from the plain meaning of the text chosen by the Legislature out of a concern for generalized policy goals not contained in the text. In any event, it is not the case that the statutory scheme favors uniform election dates in all situations. The Legislature has expressly provided that the requirement of uniform election dates in subsection 41.001(a) of the Election Code "does not apply" to a number of elections, including "an election held under a statute that expressly provides that the requirement of Subsection (a) does not apply to the election." TEX. ELEC. CODE ANN. § 41.001(a), (b)(6) (West Supp. 2014). Subsection 26.08(b) of the Tax Code, governing the timing of a TRE, expressly provides that "[s]ection 41.001, Election Code, *does not apply to the election* unless a date specified by that section falls within" a 30- to 90-day time period following the adoption of a higher tax rate. TEX. TAX CODE ANN. § 26.08(b) (West Supp. 2014) (emphasis added). Thus, the Legislature has decided to make the requirement that a TRE be held on a uniform election date applicable under some circumstances and not others. From these statutory provisions, we can discern no general legislative policy favoring uniform election dates for TREs. And in any event, the method of adopting a tax rate you suggest is not found in the applicable statutes. If the Legislature wishes to change this statutory scheme to promote the holding of TREs on uniform election dates, it of course has the power to do so.

## S U M M A R Y

Subsections 44.004(j) of the Education Code and 26.05(g) of the Tax Code do not authorize an independent school district to use the certified estimate of property tax values to adopt a tax rate after adopting its budget.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee